IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| SHAWN KEVIN SMAAGE, | Cause No. CV 22-78-H-SEH |
| Petitioner, | |
| vs. | ORDER |
| JIM SALMONSEN; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

Petitioner Shawn Smaage, a state prisoner proceeding *pro se*, applied for a writ of habeas corpus under 28 U.S.C. § 2254 on March 16, 2022,[1] challenging custody ordered on February 2, 2015.[2] The Court ordered him to show cause why the petition is not time-barred.[3]

Smaage asserts he believed his attorney had appealed from the 2015 judgment.[4] However, by no later than September 21, 2017, he knew no appeal had been filed.[5] He claims that before September, 2017, he was "deeply engrossed in

---

[1] Doc. 1 at 16.
[2] Doc. 1-1 at 1–3 (Judgment, No. CDC 2014-28 (Mont. First Jud. Dist. Ct. Feb. 2, 2015)).
[3] Doc. 4.
[4] Doc. 1-1 at 4.
[5] Doc. 4 at 5; Doc. 6 at 1–27; *see also Smaage v. State*, 2017 MT 221N (Mont. Sept. 5, 2017); Pet. for Reh'g, *Smaage*, No. DA 16-0750 (Mont. Sept. 21, 2017) (addressing Sept. 5

rectifying" a judgment entered in separate case in 2000, obtaining resentencing in July 2015, and continuing his challenges thereafter.[6] The 2000 case was not "connected"[7] to the criminal judgment underlying the federal petition, filed March 16, 2022.[8]

Four transfers of custody location in eight years[9] did not prevent Smaage from filing a motion to withdraw his guilty plea in the trial court on December 3, 2015, a petition for postconviction relief on August 16, 2016, or briefs and petitions in the Montana Supreme Court in 2016, 2019, and 2021.[10] A person of reasonable diligence would have filed a federal habeas petition long before March 16, 2022.

Smaage does not adequately justify equitable tolling or any other excuse for

---

ruling). The Court takes judicial notice of this and other documents related to Smaage's Lewis and Clark County conviction. *See* Fed. R. Evid. 201(b); *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).
    [6] Doc. 6 at 22–23.
    [7] Doc. 6 at 18.
    [8] *See, e.g., Smaage v. Fender*, No. OP 16-0241 (Mont. May 10, 2016) (addressing Smaage's July 2015 resentencing and sentence imposed in No. CDC 2014-28); *see also* Doc. 101 at 2–3 (noting that Smaage "committed ten (10) prior drunk driving-related offenses, including eight (8) DUI's, one (1) negligent homicide, and one (1) criminal endangerment" before conviction in CDC 2014-28). Three DUI-related convictions make fourth and subsequent DUI convictions felonies, each of which may subject the offender to enhanced punishment as a persistent felony offender. *See* Mont. Code Ann. § 61-8-731 (2013) (now codified at § 61-8-1008); Mont. Code Ann. §§ 46-18-501, -502 (2013) (now codified at §§ 46-1-202 and -18-502); *State v. Yorek*, 2002 MT 74 ¶¶ 17–20, *overruled on other grounds by DeShields v. State*, 2006 MT 58 ¶ 9.
    [9] Doc. 6 at 15–16.
    [10] *See Smaage v. State*, 2017 MT 221N ¶¶ 2–3; *see also Smaage v. Fender*, No. OP (Mont. Apr. 21, 2016); *Smaage v. Guyer*, No. OP 19-0292 (Mont. May 20, 2019); *Smaage v. State*, No. DA 21-0607 (Mont. Dec. 21, 2021).

his untimely filing.[11]

A certificate of appealability is denied.[12]

**ORDERED:**

1. The motion for extension of time[13] is **DENIED AS MOOT**.

2. The petition[14] is **DISMISSED WITH PREJUDICE**.

3. The clerk shall enter judgment by separate document in favor of Respondent and against Petitioner.

4. A certificate of appealability is **DENIED**.

DATED this 21st day of October, 2022.

*/s/ Sam E. Haddon*
Sam E. Haddon
United States District Court

---

[11] Doc. 4 at 5; 28 U.S.C. § 2244(d)(1)(B), (C); *Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also McQuiggin v. Perkins*, 569 U.S. 383, 387 (2013)); Opening Br. at 2–4, *Smaage*, No. 16-0750 (Mont. Mar. 27, 2017).

[12] 28 U.S.C. § 2253(c)(2); Rule 11, Rules Governing § 2254 Cases; *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

[13] Doc. 5; *see also* Doc. 6-1 at 1–2.

[14] Doc. 1.

3